OPINION *Page 2 
{¶ 1} On July 21, 2003, appellant, Kristina Zemba, and appellee, Stephen Zemba, were married. The parties have a child born prior to the marriage, Kailey Zemba born August 20, 2003. On October 31, 2005, appellee filed a complaint for divorce.
 {¶ 2} A hearing before a magistrate was held on July 21, 2006. The magistrate issued a decision on September 20, 2006. By judgment entry/decree of divorce filed November 3, 2006, the trial court granted the parties a divorce.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT AWARDED UNSUPERVISED PARENTING TIME WITH THE MINOR CHILD TO APPELLEE WITHOUT CONSIDERATION OF HIS MENTAL IMPAIRMENT."
 II {¶ 5} "THE TRIAL COURT COMMITTED PLAIN ERROR IN AWARDING 100% OF THE PARTIES BUSINESS, STEPHEN ZEMBA EXCAVATING, LLC, TO APPELLEE."
 III {¶ 6} "THE TRIAL COURT COMMITTED PLAIN ERROR IN AWARDING ALL THREE (3) PARCELS OF MARITAL REAL ESTATE, THOSE BEING THE MARITAL RESIDENCE, RENTAL PROPERTY AND A MEXICO TIME SHARE, TO APPELLEE." *Page 3 
 I, II, III {¶ 7} Appellant appeals the trial court's November 3, 2006 judgment entry/decree of divorce. Appellant assigns as error three assignments, all of which involve issues and disputes as to the facts presented to the magistrate.
 {¶ 8} The magistrate's decision was rendered on September 20, 2006 and the terms of the decision were incorporated into the trial court's November 3, 2006 judgment entry/decree of divorce. A timely appeal was filed on December 4, 2006.
 {¶ 9} The magistrate's decision included a boxed warning for failing to file objections pursuant to Civ.R. 53(D)(3)(b)(iv) which states the following:
 {¶ 10} "Waiver of right to assign adoption by court as error onappeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."
 {¶ 11} There were no objections filed with the trial court pursuant to said rule. We therefore conclude appellant's assignments of error have not been properly perfected.
 {¶ 12} Assignments of Error I, II, III are denied. *Page 4 
 {¶ 13} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is hereby affirmed.
 By Farmer, J. Gwin, P.J. and Wise, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is affirmed. *Page 1